IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HERBERT ARCENEAUX | § | |
| v. | § | CIVIL ACTION NO. 6:23cv305 |
| WARDEN RODRIQUEZ, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Herbert Arceneaux, an inmate of the East Texas Treatment Facility (ETTF) in Henderson, Texas proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Plaintiff's Complaint**

Plaintiff's amended complaint (docket no. 11) is the operative pleading in the lawsuit. In his amended complaint, Plaintiff states that he is in ETTF as a parole violator. He explains that his parole violation was not for drugs, alcohol, or a new crime, but for not charging his monitor. He was arrested on March 6, 2023, and on April 7, a parole panel voted that he should go to an intermediate sanction facility for a 90 day program. He indicates that on July 6, 2023, the Board voted to send him to ETTF in Henderson, but states that if his time had been credited properly, his 90 days would have been over by then. Plaintiff states that he is being denied time credits for the time he spent in the county jail and that he is being denied good time, which he is supposed to receive at the date of 3 days of good time for every day served. Thus, he says that he is still incarcerated and thus falsely imprisoned. For relief, Plaintiff seeks $30 million in damages plus $10,000.00 in attorney's fees, as well as court costs.

**II. Discussion**

The Supreme Court has held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. §2254. Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *see also* Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). The Supreme Court has explained as follows:

> In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. Accordingly, in Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), we applied Heck in the circumstances of a § 1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process, where the administrative action taken against the plaintiff could affect credits toward release based on good time served. In each instance, conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies. Federal petitions for habeas corpus may be granted only after other avenues of relief have been exhausted. 28 U.S.C. § 2254(b)(1)(A). *See* Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Prisoners suing under § 1983, in contrast, generally face a substantially lower gate, even with the requirement of the Prison Litigation Reform Act of 1995 that administrative opportunities be exhausted first. 42 U.S.C. § 1997e(a).
>
> Heck's requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence.

Muhammad v. Close, 540 U.S. 749, 750, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004). Because the plaintiff in that case had not lost any good time and the judgment he was seeking was not at odds with his conviction or the State's calculation of time to be served in accordance with his underlying sentence, the Supreme Court concluded that Heck did not apply.

In the present case, by contrast, Plaintiff is seeking a judgment saying that his time computation is incorrect and his sentence has expired, resulting in his being unlawfully held. As

such, a judgment in favor would implicate the legality of his current confinement and thus falls under Heck. *See* Wilson v. Johnson, civil action no. 6:07cv232, 2007 U.S. Dist. LEXIS 72137, 2007 WL 2823289 (E.D.Tex., September 27, 2007) (claim that time credit computation was incorrect, resulting in prisoner being held past the expiration date of his sentence, is barred by Heck); Carter v. Sheriff's Office, Calcasieu Parish, civil action no. 2:13cv2323, 2014 U.S. Dist. LEXIS 7902, 2014 WL 235284 (W.D.La., January 22, 2014) (claim that prisoner is unlawfully being held past his release date after a probation revocation is barred by Heck); Gurrola v. Perry, civil action no. V-13-006, 2013 U.S. Dist. LEXIS 46374, 2013 WL 1222562 (S.D.Tex., February 4, 2013) (claim that prisoner is being held past his release date because he is not being credited with earned good time is barred by Heck). Because Plaintiff has not shown that his confinement has been declared unlawful or otherwise set aside, he cannot proceed in a civil rights lawsuit which challenges the legality of this confinement.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed with prejudice to the claims being asserted again until such time as Plaintiff can show that his confinement has been declared unlawful by an authorized State tribunal or called into question through the issuance of a federal writ of habeas corpus. This dismissal of this civil rights lawsuit should not prevent Plaintiff from challenging the legality of his confinement through any lawful means, including but not limited to state or federal habeas corpus proceedings.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is

found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See* Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 28th day of August, 2023.**

*[signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE